UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALVIE CODY,

        Plaintiff,

v.                                                  Case Number 07-12535-BC
                                                    Honorable Thomas L. Ludington

LIFE INSURANCE COMPANY OF NORTH
AMERICA,

        Defendant.
_____/

## ORDER REMANDING CASE TO PLAN ADMINISTRATOR,
## RETAINING JURISDICTION,
## AND DIRECTING PARTIES TO MEET AND CONFER FOR FACILITATION

On June 13, 2007, Plaintiff Alvie Cody filed a complaint alleging a violation of Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, by Defendant Life Insurance Company of North America. On December 13, 2007, the Court entered an order setting forth a schedule requiring the parties to comply with the following obligations: (1) for Defendant to serve a copy of the administrative record on Plaintiff's counsel by January 4, 2008; (2) for the parties to provide a statement regarding the governing standard of review by January 25, 2008;(3) for the parties to provide a statement of any procedural challenge by February 22, 2008; and (4) for the parties to file cross-motions to affirm or deny the administrator's decision by March 28, 2008.

Based on a review of the docket, the parties timely filed their statements regarding the standard of review and procedural challenges. Plaintiff asserted a procedural challenge, maintaining that two documents, a social security decision and an expert report created by Plaintiff's neurologist, Dr. Gavin Awerbuch, were not included in the administrative record.

On April 25, 2008, the Court held a hearing regarding Plaintiff's procedural challenge. That

same day, directly before the hearing, counsel for Defendant provided counsel for Plaintiff with the administrative record for the first time. As of the time of the hearing, Defendant had not yet generated a proof of service, which had occurred via hand delivery. Consequently, Plaintiff filed a procedural challenge to the exclusion of documents out of caution because Defendant served the administrative record on Plaintiff almost four months late.

At the hearing, Defendant represented that the administrative record did include the documents that prompted Plaintiff's procedural challenge. Defendant further represented that its denial of benefits did include consideration of those two documents, although its counsel acknowledged that the denial of benefits expressly referenced only one of those documents.

Based on Defendant's delinquency in providing Plaintiff the administrative record for review and based on the fact that the record is unclear as to whether Defendant considered the social security decision and Plaintiff's neurologist's report when it denied Plaintiff benefits, the Court will remand to the plan administrator for consideration of those documents. *See VanderKlok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 615-616, 618-619 (6th Cir. 1992) (remanding for procedural deficiency); *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 461 (6th Cir. 2003) (same).

The Court will retain jurisdiction, however, and permit the parties to consensually pursue a facilitated resolution. The Court will direct the parties to meet and confer to identify a facilitator by May 1, 2008 and to advise the Court of the status of that process on or before May 30, 2008.

Accordingly, it is **ORDERED** that the matter is **REMANDED** to the plan administrator for consideration of the social security decision of February 1, 2007 and of Dr. Awerbuch's report for a decision on or before **June 6, 2008**. The Court will retain jurisdiction.

It is further **ORDERED** that the parties meet and confer to identify a facilitator on or before **May 1, 2008** and to advise the Court of the status of that process on or before **May 23, 2008**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 28, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 28, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS